(106 So. 328)

No. 26830.

## Succession of BOUZIGA.

(Nov. 2, 1925.   Rehearing Denied Nov. 30,
1925.)

*(Syllabus by Editorial Staff.)*

1. **Executors and administrators** ⟜261, 267—
**Doctor attending deceased is privileged credi-
tor, entitled to interest from judicial demand.**

A doctor who attended deceased in her last
illness is a privileged creditor against her es-
tate, and entitled to interest on the amount al-
lowable from judicial demand until paid.

2. **Executors and administrators** ⟜205(2) —
**$1,500 allowance for doctor's services exces-
sive under evidence, and should be reduced to
$1,000.**

In claim against estate of an aged woman
for doctor's services as family physician ren-
dered for 11 months, including 300 calls and
treatment for a number of maladies, $1,500
*held* excessive under all the evidence, and should
be reduced to $1,000.

Appeal from Civil District Court, Parish of
Orleans; Mark M. Boatner, Judge.

Final accounting of the administration in
the succession of the estate of Josephine
Bouziga, opposed by Dr. L. S. Charbonnet.
From a judgment ordering the account
amended so as to place the opponent thereon
as a privileged creditor as to a portion of the
amount claimed by him, both the executor
and opponent appeal.   Judgment amended,
and as amended affirmed.

Charles Rosen and Louis L. Rosen, both
of New Orleans, for executor and heirs.

Charles J. Rivet, of New Orleans, for op-
ponent Charbonnet.

OVERTON, J.   Josephine Bouziga, whose
succession is under administration, died De-
cember 27, 1923, at the age of 77 years. Her
testamentary executor filed an account of his
administration, and Dr. L. S. Charbonnet
filed an opposition to the account, alleging
that he was a privileged creditor of the suc-
cession in the sum of $5,000, with legal in-
terest thereon from January 1, 1924, for pro-
fessional services rendered the deceased from
January 30, 1923, until her death on Decem-
ber 27, 1923.   The opposition was tried, and
judgment was rendered ordering the account
filed by the executor amended so as to place
Dr. Charbonnet thereon as a privileged cred-
itor in the sum of $1,500, with 5 per cent. per
annum interest on the amount allowed the
doctor from judicial demand until paid.
Both the executor and Dr. Charbonnet have
appealed from the judgment rendered.

[1, 2]   It is not questioned that Dr. Char-
bonnet is entitled to compensation for the
services rendered by him.   The question is, to
what amount is he entitled?

The evidence discloses that Mrs. Bouziga
was stricken with a cerebral hemorrhage on
or about January 30, 1923, and that Dr.
Charbonnet was called in to treat her.   At
first her condition improved.   Later she de-
veloped Bright's disease, and a few days aft-
erwards grippal pneumonia.   Several weeks
after this she developed erysipelas, and in her
declining condition, and at her advanced age,
developed senile gangrene and infectious ves-
icles, which had to be ruptured.   She also
suffered from incontinence of urine and fæ-
ces.   She left an estate valued at a little over
$27,000.   Her income was about $100 a
month.

The number of visits paid by a physician to
his patient, during a protracted illness, is a
factor in determining the compensation to
which he is entitled.   The number of visits
paid by Dr. Charbonnet to Mrs. Bouziga dur-
ing the 11 months' period that he attended
her is in dispute.   The trial judge, after con-
sidering the evidence, fixed the number at
300.   Our examination of the record leads
us to the conclusion that there is no reason
to disturb his finding in this respect.   We
think that the finding is correct.

The services rendered by Dr. Charbonnet
were those of a family physician.   The ex-

pert evidence offered to show their value is conflicting. The trial court found that he was entitled to $1,500, but our appreciation of the evidence leads us to the conclusion that this is excessive. After considering the number of visits paid by Dr. Charbonnet, the nature of the maladies from which Mrs. Bouziga suffered, her means to pay, all of which should be taken into consideration, our opinion is that the evidence justifies the conclusion that Dr. Charbonnet is entitled to $1,000 and no more, and that the judgment appealed from should be reduced accordingly.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by reducing the amount allowed from $1,500 to $1,000, and, in all other respects, including the allowance of interest and the recognition of the privilege prayed for, that it be affirmed; the costs of this appeal to be paid by Dr. Charbonnet.

ST. PAUL, J., thinks the judgment should be affirmed.